UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBMISSION OF FOREIGN ADMINISTRATIVE RECORD LODGED FOR PRESERVATION | Case No. 25-mc-80372-TSH<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 2 |

Jeremy Lafitte filed this miscellaneous matter "[t]o lodge a foreign administrative record in the **Miscellaneous Docket** for **archival, evidentiary, and potential future judicial notice purposes only.**" ECF No. 1 at 1 (emphasis in original). As part of his filing, Lafitte has filed an administrative motion to file the entire record under seal. ECF No. 2.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); Civ. L.R. 79-5(a) ("The public has a right of access to the Court's files."). In evaluating a request to seal, courts consider the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents, which "derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Under this standard, "a

1  strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178
2  (quotations omitted).  However, records that are only "tangentially related to the merits of a case"
3  are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
4  809 F.3d 1092, 1101 (9th Cir. 2016).  Parties moving to seal such records must meet the lower
5  "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Id.* at 1097.  The good cause
6  standard requires a "particularized showing" that "specific prejudice or harm will result" if the
7  information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
8  1210-11 (9th Cir. 2002) (quotation omitted); see also Fed. R. Civ. P. 26(c).  "Broad allegations of
9  harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*
10 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

11 Here, the Court assumes the good cause standard applies, as Lafitte states that in this
12 miscellaneous proceeding he is seeking no judicial action or relief.  Thus, the records he seeks to
13 seal are no more than tangentially related to the merits of a case.  However, the Court also finds
14 Lafitte has failed to establish good cause.  Lafitte argues sealing is appropriate because the record
15 "contains **private, confidential, and proprietary information** not appropriate for public access"
16 and disclosure "would cause **unnecessary harm, exposure, or vulnerability**."  Mot. at 2
17 (emphasis in original).  However, a request to seal cannot be established simply by stating in
18 general terms that the material is considered to be confidential; instead, a request must be
19 supported by demonstrating with particularity the need to file each document under seal.  *See* Civil
20 L.R. 79-5(c).  Lafitte's declaration makes only conclusory statements and does not provide
21 specific information establishing that the documents, or portions thereof, are privileged or
22 protectable as a trade secret or otherwise entitled to protection under the law, as required under
23 Local Rule 79-5(a).  And, except for two instances in which Lafitte's thumb print appears, the
24 Court finds nothing in the record appears to be confidential or otherwise merits sealing.  As such,
25 Lafitte has not made a particularized showing that specific prejudice or harm will result if the
26 information is disclosed.

27 Lafitte shall be permitted 14 days from the date of this order to provide additional
28 information to conform with Local Rule 79-5.  Lafitte must identify a limited amount of sensitive

information that there is good cause to seal, outlined by page and line number. If Lafitte fails to do so, the motion to seal will be denied.

**IT IS SO ORDERED.**

Dated: December 3, 2025

THOMAS S. HIXSON
United States Magistrate Judge